NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-301

COMMONWEALTH

vs.

MICHAEL A. HAND.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, Michael A. Hand, appeals from an order of a single justice of this court denying his petition pursuant to G. L. c. 211, § 3,[1] seeking bail review. Discerning no error of law or abuse of discretion by either the single justice or the Superior Court judge, we affirm.

1. Standard of Review. Ordinarily, "[w]hen a party appeals from an adverse judgment by the single justice under G. L. c. 211, § 3, we review the single justice's order for clear error of law or abuse of discretion." Brangan v. Commonwealth, 477 Mass. 691, 697 (2017). Here, however, "the

_____

[1] The petition was originally filed with the Supreme Judicial Court for Suffolk County. On March 1, 2023, a single justice of the Supreme Judicial Court transferred this matter to this court in accordance with the Supreme Judicial Court's Standing Order Regarding Transfer of Certain Single Justice Matters During the COVID-19 Pandemic (eff. June 8, 2020).

single justice did not exercise his discretion [to consider the matter anew], and consequently, we focus our attention on his legal ruling that the bail judge did not abuse his discretion" (footnote omitted). Vasquez v. Commonwealth, 481 Mass. 747, 751 (2019). "We review this legal ruling independently to determine whether it is erroneous, without giving any deference to the single justice's decision." Id. Accordingly, we must determine "whether the bail judge's decision to deny the defendant's bail request involved an abuse of discretion or error of law." Id.

Where, as here, the defendant is charged with murder in the first degree, G. L. c. 265, § 1, "the power to grant bail is highly discretionary." Pinney v. Commonwealth, 484 Mass. 1003, 1005 (2020). "It is presumed that a defendant charged with murder in the first degree is not entitled to bail." Commonwealth v. Dame, 473 Mass. 524, 539 (2016). Accord Commonwealth v. Herring, 489 Mass. 569, 576 n.12 (2022). "Insofar as the bail judge's decision involved an exercise of discretion, we must accord it great deference." Vasquez, 481 Mass. at 751, citing L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014). "A decision constitutes an abuse of discretion where it results from 'a clear error of judgment in weighing the factors' and consequently 'falls outside the range of reasonable alternatives.'" Herring, supra at 573, quoting L.L., supra.

2. Denial of the defendant's renewed motion for bail.

When a judge orders a defendant to be held without bail, the judge must set forth "[a] statement of findings and reasons, either in writing or orally on the record," justifying the decision. Vasquez, 481 Mass. at 759-760. Such findings and reasoning satisfy due process when they consider relevant factors such as "the defendant's risk of flight in light of the strength or weakness of the Commonwealth's case and the potential penalty, taking into consideration as well the defendant's" ties to the community. Id. at 756.

When a judge considers a subsequent bail request, the prior bail judge's findings "form[] the backdrop for the second judge's decision," and we consider both decisions together. Pinney, 484 Mass. at 1006. A subsequent bail decision need not reconsider determinations made by a prior bail judge so long as the prior bail judge's findings and reasoning "gave consideration to various relevant factors and engaged in the required individualized bail determination." Id.

Here, the first bail judge's findings and reasoning were adequate to satisfy due process requirements. On December 18, 2020, after a hearing, the first bail judge issued an order denying the defendant's motion for bail, finding that, in light of the strength of the Commonwealth's case and the fact that the defendant does not have "anything tying him to Massachusetts,"

3

he "presents far more than a generic risk of flight."[2]  See

Vasquez, 481 Mass. at 755 ("the stronger the evidence, the

greater the likelihood that the defendant will be convicted, and

hence the greater the defendant's incentive to flee").  The

first bail judge carefully examined the evidence against the

defendant, acknowledging the exculpatory (though hardly

conclusive) physical evidence and the partial suppression of the

defendant's statements, but concluding that the admissible

statements are damning.  Although the defendant mightily urges a

contrary view of the evidence, "it is not appropriate for us to

substitute our own assessment for [the bail's judge]" in light

of the bail judge's superior vantage point.  Id. at 752.

Moreover, as the first bail judge stressed, the risk the

defendant will flee is particularly acute where the defendant is

facing life in prison without parole if convicted.  See Vasquez,

481 Mass. at 755 (risk of flight at its greatest where defendant

faces life in prison without possibility of parole).  Thus,

where, as here, the defendant is charged with murder in the

first degree and the first bail judge considered the relevant

---

[2] In addition to the defendant's risk of flight, the first bail
judge also considered the defendant's "character and mental
condition, criminal record and appearances at court
proceedings," and, in doing so, "gave consideration to various
relevant factors and engaged in the required individualized bail
determination."  Pinney, 484 Mass. at 1006.

4

bail factors, the defendant "may be properly held without bail to assure his or her future appearance without violating due process." Id. at 758.

Viewing the second bail judge's decision in tandem with the first, we discern no abuse of discretion. The second bail judge specifically invoked the first bail judge's findings, noting that "[t]here has been no substantive change in . . . the record since the Court's denial of defendant's original motion for bail." Far from ignoring the passage of time since the first bail judge's order, the second bail judge specifically considered it and found that the "[d]elay attributable to the pending interlocutory appeal does not change the analysis set forth in" the first bail judge's decision.

We discern no abuse of discretion in the second bail judge's analysis. The second bail judge could reasonably conclude that the passage of nearly two years, though undoubtedly weighty, did not change the strength of the case against the defendant, the heavy penalty faced, or the defendant's lack of ties to the community.[3] Accordingly, the

---

[3] The defendant presented the single justice with counsel's affidavit asserting that the defendant suffers from mobility issues. As there is no indication in the record that the defendant presented this information to the bail judges, we do not consider it. The defendant remains free to present this information, preferably corroborated by medical records, to the trial court in a renewed motion for bail.

single justice properly concluded that the second bail judge acted within his discretion in denying the defendant's request for release on bail.

    3.  <u>Conclusion</u>.  The order of the single justice, denying the defendant's petition for relief pursuant to G. L. c. 211, § 3, is affirmed.

<u>So ordered</u>.

By the Court (Neyman, Henry & Ditkoff, JJ.[4]),

*Joseph F. Stanton*

Clerk

Entered:  December 12, 2023.

---

[4] The panelists are listed in order of seniority.